UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN DIANNE EUBANKS,<br><br>                      Petitioner,<br><br>v.<br><br>DERRAL ADAMS, Acting Warden of Central California Women's Facility at Chowchilla,<br><br>                      Respondent. | Case No.:  17cv0016 DMS (MDD)<br><br>**DEATH PENALTY CASE**<br><br>**ORDER:**<br>**(1) GRANTING REQUEST FOR APOINTMENT OF COUNSEL AND**<br><br>**(2) APPOINTING COUNSEL PURSUANT TO RECOMMENDATION OF SELECTION BOARD** |

      On January 4, 2017, Petitioner Susan Eubanks filed a request for appointment of counsel for federal habeas proceedings, an accompanying declaration, and a civil cover sheet. (ECF No. 1.) On January 12, 2017, the Court issued an Order Re Action Required to Avoid Dismissal, noting the Petitioner had neither moved to proceed in forma pauperis ["IFP"] nor paid the $5.00 filing fee and stating that the Court could not proceed until Petitioner either paid the filing fee or qualified to proceed IFP. (ECF No. 2.) On March 7, 2017, Petitioner filed a motion for leave to proceed IFP along with a trust account statement which reflected a $90.70 balance in her prison trust account. (ECF No. 3.) On March 13, 2017, the Court denied that motion and advised Petitioner that without payment of the

filing fee, the case was subject to dismissal without prejudice. (ECF No. 4 at 1-2.) On March 16, 2017, Petitioner paid the $5.00 filing fee. (ECF No. 5.) Accordingly, the Court now turns to Petitioner's request for appointment of counsel.

## I.
## BACKGROUND

Petitioner was convicted in San Diego County Superior Court of four counts of first degree murder with the special circumstance of multiple murder and sentenced to death. On December 19, 2011, the California Supreme Court affirmed the convictions and sentence on direct appeal. People v. Eubanks, 53 Cal. 4th 110 (2011). Petitioner states that she did not file a petition for a writ of certiorari in the United States Supreme Court. (ECF No. 1 at 2.) The California Supreme Court issued the Remittur in the case on January 19, 2012.

On February 7, 2011, while the direct appeal was still pending, Petitioner filed a habeas petition (Case No. S190405) with the California Supreme Court. An informal response was filed on September 8, 2011, and a reply was filed on September 20, 2012. The California Supreme Court has not yet ruled on the state habeas petition.

## II.
## DISCUSSION

In the declaration accompanying her request for appointment of counsel, Petitioner states that she has a pending and fully-briefed state habeas petition in the California Supreme Court "unless and until the court issues an order to show cause or orders supplemental briefing." (ECF No. 1 at 3.) Petitioner states that "[t]he court may issue a summary denial at any time, which is final immediately," notes "[a]t that point, the time for seeking federal review will begin running," and declares: "I am submitting a request for counsel now in anticipation of this contingency." (Id.) Petitioner indicates that the attorneys who represented her on her state appeal and in her state habeas proceedings have each advised that they are not available to represent Petitioner in the federal proceedings.

(Id.) Petitioner also states that: "I am indigent and do not have the assets to retain an attorney to represent me in these proceedings." (Id.)

The Ninth Circuit previously stated that "[w]hen . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted . . . ." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see also 28 U.S.C. § 2254(b)-(c). While Petitioner's state habeas petition is currently pending in state court, the Ninth Circuit has more recently specified that Sherwood applies only to a pending direct appeal. See Henderson v. Johnson, 710 F.3d 872, 873-74 (9th Cir. 2013) (per curiam) (rejecting district court's reliance on Sherwood to dismiss mixed federal habeas petition filed while state habeas petition was pending without allowing leave to amend or considering a stay, clarifying that "Sherwood stands for the proposition that a district court may not adjudicate a federal petition while a petitioner's *direct state appeal* is pending.") (emphasis added.) As noted above, Petitioner's state appeal is concluded, as the California Supreme Court issued a remittur. See Cal. Rules of Court, Rules 8.532, 8.540, 8.642.

The relevant federal statute which provides for the appointment of counsel in capital habeas proceedings simply states that: "In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f)." 18 U.S.C. § 3599(a)(2). This district's local rules provide for the appointment of federal habeas counsel "at the earliest practicable time." See CivLR HC.3(d)(1). Upon review of this matter with reference to the above authorities, Petitioner's request for appointment of counsel appears reasonable and is therefore **GRANTED**.

/ / /

/ / /

During the pendency of this matter, the Court received a letter from the Selection Board, in connection with Petitioner's request for counsel.[1] Based on the Selection Board's determination that recommended counsel have the requisite familiarity with federal and capital case work, experience with the type of issues presented in this particular case, and the Board's statement that counsel are willing to represent Petitioner, the Court **APPOINTS** Attorneys Rebecca Jones and Ellis M. Johnston as counsel for Petitioner in this matter.

### III.

### CONCLUSION

Pursuant to Local Rule HC.3(d) and 18 U.S.C. § 3599, Petitioner's request for appointment of counsel is **GRANTED**, and pursuant to Local Rule HC.3(d) and the recommendation of the Selection Board for the United States District Court for the Southern District of California, the Court **APPOINTS** Rebecca Jones and Ellis M. Johnston to represent Petitioner Susan Eubanks in her capital habeas corpus proceedings.

The Clerk of the Court shall serve a certified copy of this order on Petitioner Susan Eubanks; Attorney Rebecca Jones; Attorney Ellis M. Johnston; Attorney Patrick M. Ford; Attorney Michael Meaney; Respondent Derral Adams, Acting Warden of Central California Women's Facility at Chowchilla; the Clerk of the San Diego County Superior Court; Xavier Becerra, Attorney General of the State of California; Meagan J. Beale, Deputy Attorney General of the State of California; Office of the District Attorney of San Diego County; Elaine A. Alexander, Appellate Defenders, Inc.; Joseph Schlesinger,

/ / /

/ / /

/ / /

/ / /

---

[1] That letter was sent directly to the undersigned's chambers. Pursuant to this Order, that letter will be filed under seal in the Court file.

California Appellate Project, San Francisco; Reuben C. Cahn, Federal Defenders of San Diego, Inc.; and Attorney Charles M. Sevilla.

**IT IS SO ORDERED.**

Dated: 3-22-17

Hon. Dana M. Sabraw
United States District Judge