

FILED
OCT 3 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN DIANNE EUBANKS,<br><br>Petitioner,<br><br>v.<br><br>JANEL ESPINOZA, Warden,<br><br>Respondent. | Case No.: 17cv0016 BEN (MDD)<br><br>**DEATH PENALTY CASE**<br><br>**ORDER:**<br>**(1) DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING STAY AND ABEYANCE UNDER <u>RHINES</u> [ECF No. 31];**<br>**(2) GRANTING MOTION TO WITHDRAW UNEXHAUSTED CLAIMS AND REQUEST FOR STAY UNDER <u>KELLY/KING</u> [ECF No. 34];**<br>**(3) AMENDING JUNE 10, 2019 ORDER RE EXHAUSTION STATUS OF CLAIM I.C;**<br>**(4) STAYING CASE; AND**<br>**(5) SETTING DEADLINES** |

Pending before the Court is Petitioner's Motion for Reconsideration of the Court's June 10, 2019 Order denying her motion for stay and abeyance under <u>Rhines</u>. (ECF No. 31.) Respondent opposes the Motion for Reconsideration. (ECF No. 33.) Also pending before the Court is Petitioner's Motion to Withdraw Unexhausted Claims and Request for

1

Stay Under Kelly/King. (ECF No. 34.) Respondent has filed a Notice of Non-Opposition to Motion for Kelly/King Stay. (ECF No. 36.) For the reasons discussed below, the Court **DENIES** Petitioner's Motion for Reconsideration, **GRANTS** Petitioner's Motion to Withdraw Unexhausted Claims and Request for Stay Under Kelly/King, **AMENDS** the June 10, 2019 Order with respect to the exhaustion status of Claim I.C, **STAYS** this case pending exhaustion of state court remedies, and **SETS** deadlines as outlined below.

## I. RECENT PROCEDURAL HISTORY

In an Order dated June 10, 2019, the Court ruled on the exhaustion status of the claims in the federal Petition, denied Petitioner's motion for stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005), and set deadlines directing Petitioner to file a motion to either withdraw the unexhausted claims from the Petition and proceed on the exhausted claims without a stay, voluntarily dismiss the Petition or withdraw the unexhausted claims and seek a stay pursuant to Kelly/King. (See ECF No. 28.) On July 16, 2019, the Court extended the deadline for Petitioner's motion and the deadlines for any response or reply in the event Petitioner filed a motion for stay under Kelly/King. (See ECF Nos. 29, 30.)

On July 8, 2019, Petitioner filed a Motion for Reconsideration of that aspect of the Court's June 10, 2019 Order denying her motion for stay and abeyance under Rhines. (ECF No. 31.) On July 19, 2019, Respondent filed an Opposition to the Motion for Reconsideration and on August 9, 2019, Petitioner filed a Reply. (ECF Nos. 33, 35.)

On August 2, 2019, Petitioner filed a Motion to Withdraw Unexhausted Claims and Request for Stay Under Kelly/King. (ECF No. 34.) Petitioner stated that: "By submitting this request, Ms. Eubanks does not concede that the trial court's order denying her *Rhines* motion for stay and abeyance was correct, nor does she intend to abandon her right to appeal that order, should the denial of that order affect her ability to obtain relief in this Court." (Id. at 2.) On August 22, 2019, Respondent filed a Notice of Non-Opposition to Motion for Kelly/King stay. (ECF No. 36.)

///

2

## II. MOTION FOR RECONSIDERATION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." School Dist. No. J1, Multnomah County, Or. V. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Fed. R. Civ. P. 59. Petitioner contends reconsideration is appropriate here because "the initial ruling involved clear error as well as newly discovered evidence." (ECF No. 31-1 at 4.)

With respect to the first argument, Petitioner contends that "[t]his Court erred in applying the wrong standard on this *Rhines* motion, effectively establishing an improper burden on Ms. Eubanks, and it should reconsider in light of the evidence already presented and controlling *en banc* authority." (Id. at 3.) Petitioner cites the Ninth Circuit's decision in Detrich v. Ryan, 740 F.3d 1237 (9th Cir. 2013) (en banc) to argue "[t]his controlling *en banc* authority undermines the case upon which this Court relied to deny Ms. Eubanks' stay, requiring reconsideration." (Id. at 6.) Petitioner contends that "Ms. Eubanks' *Rhines* motion and her petition demonstrate that her underlying claims of IAC by trial counsel- which are well supported and argued in Ms. Eubanks' federal petition- are not clearly meritless or wholly without factual support," and that "[b]ecause these claims do have factual support and at least some merit, a stay is appropriate in this case." (Id. at 6-7.)

As an initial matter, the Court cited and recognized the plurality *en banc* opinion in Detrich in the June 10, 2019 Order. (See ECF No. 28 at 6.) Moreover, as Petitioner readily indicates, "*Detrich* focused specifically on the requirements that cause be met by showing '(1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (and) (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding.'" (ECF No. 31-1 at 6, quoting Detrich, 740 F.3d at 1244 and Trevino v. Thaler, 569 U.S. 413, 423 (2013).) Thus, even after acknowledging that the Detrich plurality indicated that no counsel or ineffective counsel during the state post-conviction proceeding is required for a showing of cause, Petitioner erroneously conflates the potential merit of the unexhausted claims of *trial counsel* ineffectiveness with

the issue of whether *state habeas counsel was ineffective* for failing to raise those claims on state habeas review.

Respondent correctly observes that "Petitioner confuses the issues of prejudice and deficient performance," and that "[n]othing in Detrich eliminates the requirement that the defendant establish the *deficient performance* of PCR counsel." (ECF No. 33 at 7) (emphasis in original.) Petitioner acknowledges that "Respondent is correct that Detrich focuses on the prejudice prong of an IAC claim, rather than on the deficient performance prong," but maintains that "[n]onetheless, Detrich supports Ms. Eubanks' assertion that for the purposes of Martinez v. Ryan, 566 U.S. 1 (2012), a petitioner can meet her initial burden of showing deficient performance by alleging a substantial claim of IAC of trial counsel that was not previously presented and submitting some evidence to support it, even if she does not submit enough evidence to prove IAC of post-conviction counsel." (ECF No. 35 at 2) (footnote omitted.) However, the Court did not suggest, much less hold, that a petitioner had to "prove" ineffective assistance of post-conviction counsel to satisfy a showing of good cause under Rhines, only that Petitioner failed to offer record support for her assertion that state habeas counsel performed deficiently. In the motion for stay pursuant to Rhines, Petitioner instead generally asserted that "[s]tate habeas counsel had no strategic reason for withholding any possibly meritorious claim alleging IAC of trial counsel," and that "[h]is omissions represent good cause for Ms. Eubanks' failure to exhaust these claims." (ECF No. 25-1 at 10.) In the instant motion for reconsideration, Petitioner simply repeats arguments the Court previously rejected.[1] (See ECF No. 28 at 5-

---

[1] This includes Petitioner's attempt to distinguish Miller v. Keeney, 882 F.2d 1428 (9th Cir. 1989), and her argument that "contrary to the case law giving appellate counsel the discretion to winnow or weed out weak issues, the Commentary to ABA Guideline 10.15.1.C states that winnowing may have no role at all in capital work." (ECF No. 31-1 at 7-8.) Application of the ABA Guidelines was also previously addressed in the June 10, 2019 order. (See ECF No. 28 at 7) (rejecting Petitioner's argument that ABA guidelines, which require counsel to raise all "arguably meritorious" claims, supported showing of good cause, citing Strickland, 466 U.S. at 688 ("Prevailing norms of practice as reflected

4

10); (compare with ECF No. 31-1 at 11) ("[T]o the extent that these claims persuasively allege at least debatable IAC against trial counsel, they necessarily form a basis for IAC by state habeas counsel for failing to identify or raise these claims."); contrast with Strickland v. Washington, 466 U.S. 668, 690 (1984) ("[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.") Again, as the Court previously stated in the June 10, 2019 Order, Petitioner must do more than simply point to potentially meritorious claims prior counsel failed to present to sustain a showing of good cause based on the alleged ineffectiveness of state post-conviction counsel. See e.g. Blake v. Baker, 745 F.3d 977, 984 (9th Cir. 2014) ("[W]e hold that the Rhines standard for IAC-based cause is not any more demanding than the cause standard articulated in Martinez [v. Ryan, 566 U.S. 1 (2012)]."); see also Martinez, 566 U.S. at 14 ("[A] prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).")

Nor is the Court persuaded by Petitioner's assertion that "applying the unduly harsh and arguably inapplicable standards of *Sexton*, *Knowles*, and *Miller* would prevent Ms. Eubanks from pursuing timely exhaustion of meritorious issues that are likely to reverse her death sentence," and that "[p]articularly at this stage of proceedings, the Court should reconsider its Order that would otherwise ensure that potentially meritorious claims in a death penalty case never receive a review in any court whatsoever." (ECF No. 31-1 at 9.) Petitioner does not persuasively explain how the Court's ruling "ensure[s]" that the unexhausted claims will not be reviewed "in any court." The Court has not barred,

---

in American Bar Association standards and the like . . . are guides to determining what is reasonable, but they are only guides.") and Bobby v. Van Hook, 558 U.S. 4, 8 (2009) (ABA guidelines are "only guides as to what reasonableness means, not its definition," and are not "inexorable commands with which all capital defense counsel must fully comply."))

5

precluded, or otherwise prevented Petitioner from presenting the unexhausted claims in state court. Moreover, as the Court clearly referenced in the June 10, 2019 Order, circuit authority articulated in cases such as Kelly and King provide an alternative avenue for staying a federal case for purposes of exhaustion in the event a petitioner is unable to demonstrate entitlement to stay and abeyance pursuant to Rhines.

As a second argument Petitioner offers in favor of her motion for reconsideration, Petitioner asserts that newly discovered evidence supports her claims. (ECF No. 31-1 at 16.) Petitioner maintains that: "Neither the Supreme Court nor the Ninth Circuit has ever held that a declaration from prior counsel is a prerequisite to obtaining relief on a claim of ineffective assistance of counsel," but indicates that "she has noted that other capital petitioners in the Southern District have been able to obtain *Rhines* stays when they submitted declarations from counsel." (Id. at 17.) Petitioner states that "[s]he has finally been able to obtain a declaration from state post-conviction counsel agreeing that he failed to identify the omitted issues and had no strategic reason for failing to present them in the state habeas petition," and "also has been able to obtain a declaration from law clerk Al Morrison, stating that he had researched altruistic filicide for the trial attorneys and discussed it with them and that state post-conviction counsel never interviewed him about his work." (Id.)

However, Petitioner fails to explain how either declaration constitutes "newly discovered evidence," and the Court declines to consider these belatedly submitted declarations. While it is evident that the declarations from state habeas counsel and a law clerk who worked on Petitioner's defense at the time of trial may be newly procured or obtained, Petitioner does not persuasively show that either declaration contains new information or evidence discovered after the Court's ruling on the Rhines motion. As Respondent sensibly contends: "Petitioner has failed to establish that the declarations could not reasonably have been procured before she filed her Motion for Stay and Abeyance." (ECF No. 33 at 10.)

///

Indeed, in <u>Blake v. Baker</u>, the Ninth Circuit indicated that circuit authority circumscribed the consideration of evidence submitted in support of a motion for reconsideration. See <u>id.</u> 745 F.3d at 982 n.4, citing <u>Christie v. Iopa</u>, 176 F.3d 1231, 1239 n.5 ("[W]e do not consider evidence or arguments presented for the first time in a motion for reconsideration.") The Court also remains unpersuaded by Petitioner's attempts to draw parallels between her own good cause argument and the evidence and showing the Ninth Circuit found persuasive in <u>Blake</u>. In <u>Blake</u>, the Ninth Circuit found that "[e]ven without considering the additional evidence presented in Blake's motion for reconsideration, however, Blake sufficiently set forth good cause in his motion for a stay and in his federal petition, which he incorporated into his motion." <u>Id.</u> at 982 n.4. For instance, the <u>Blake</u> Court cited numerous declarations from friends and family members concerning readily available mitigating evidence, none of whom were contacted by state post-conviction counsel. See <u>id.</u> at 983. Meanwhile, as noted previously in the June 10, 2019 order, and reiterated above, Petitioner failed to support the motion for <u>Rhines</u> stay with any showing that state habeas counsel acted deficiently in the investigation and presentation of Petitioner's state habeas petition, instead relying primarily on the merit of the unexhausted claims themselves to sustain the allegations of ineffective assistance of prior habeas counsel. In any event, the Court's rejection of Petitioner's assertion of good cause based on ineffective assistance of habeas counsel was not due to the narrow matter of the lack of a declaration from prior counsel. Instead, as discussed above, it was more broadly based on the lack of any record support for Petitioner's assertion that the failure to raise the unexhausted claims was due to prior counsel's deficient performance.

Ultimately, because Petitioner fails to demonstrate that the Court's June 10, 2019 Order denying the motion for stay and abeyance under <u>Rhines</u> involved clear error or that there is newly discovered evidence, the Court **DENIES** Petitioner's motion for reconsideration.

///

///

7

## III. MOTION FOR STAY UNDER KELLY/KING

Pursuant to the Court's June 10, 2019 Order, Petitioner filed a motion "to withdraw her unexhausted claims from her habeas corpus petition and request[] that this Court grant a *King/Kelly* stay to allow her the opportunity to exhaust those claims in state court." (ECF No. 34 at 1-2.) As noted above, Petitioner stated that: "By submitting this request, Ms. Eubanks does not concede that the trial court's order denying her *Rhines* motion for stay and abeyance was correct, nor does she intend to abandon her right to appeal that order, should the denial of that order affect her ability to obtain relief in this Court." (Id. at 2.) Respondent states that: "Without any agreement that Petitioner's deleted claims, once exhausted, will relate back to her previously exhausted claims, and without waiving any future arguments regarding timeliness or procedural bars, Respondent does not oppose Petitioner's motion." (ECF No. 36 at 1-2.)

In the introduction to this motion, Petitioner references the February 14, 2019 joint statement on exhaustion (see ECF No. 23) and separately notes that "[t]he parties' joint statement regarding exhaustion erroneously states that all of Claim I.C. is unexhausted. The parties agree that that subclaim is only unexhausted to the extent that it concerns 'complex trauma.' They agree that the remainder of Claim I.C is exhausted." (ECF No. 34 at 2.) Petitioner also later reiterates that: "Claim I.C alleges IAC for failure to investigate and present the debilitating effects of trauma on Ms. Eubanks; the parties agree that this claim is unexhausted to the extent this claim goes beyond a failure to adequately investigate post-traumatic stress disorder and alleges impairments caused by complex trauma." (Id. at 3.) The notice of non-opposition to Petitioner's motion reflects that "Respondent agrees that Claim I.C is unexhausted only to the extent that it concerns 'complex trauma.'" (ECF No. 36.) The Court previously found Claim I.C unexhausted "[b]ased on the agreement and stipulation of the parties." (ECF No. 28 at 3.) The Court accepts the parties' amended statements and agreement on the exhaustion status of Claim I.C, and accordingly **AMENDS** the findings outlined in the June 10, 2019 Order to find Claim I.C unexhausted only to the extent it concerns complex trauma.

With respect to the prospect of a stay pursuant to Kelly/King, the Court previously noted in the June 10, 2019 Order that the: "The Kelly [v. Small, 315 F.3d 1063 (9th Cir. 2003]) procedure permits '(1) a petitioner to amend his petition to delete any unexhausted claims; (2) the court in its discretion to stay and hold in abeyance the amended, fully exhausted petition, providing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner to return to federal court and amend() his federal petition to include the newly-exhausted claims.'" Mitchell v. Valenzuela, 791 F.3d 1166, 1171 n.4 (9th Cir. 2015), quoting King v. Ryan, 564 F.3d 1133, 1139 (9th Cir. 2009). As the King Court explained, "we reiterate that the Kelly procedure remains available after Rhines and hold that its availability is not premised upon a showing of good cause." King, 564 F.3d at 1140. However, as the Ninth Circuit also stated, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." Id. at 1140-41. For instance, new claims may be amended into a pending petition if those claims "relate back" to claims contained in that petition. See id. at 1141; see also Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar(i)se out of the conduct, transaction, or occurrence.'"), quoting Fed. R. Civ. P. 15(c)(2). As the Mayle Court explained: "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 664.

Petitioner maintains that she "filed her timely 'mixed' petition on January 31, 2019," and the parties thereafter agreed that several claims or subclaims were unexhausted. (ECF No. 34 at 7, citing ECF Nos. 20, 23.) Petitioner indicates that "Ms. Eubanks has numerous, valid claims that have not yet been presented to the state court, and Ms. Eubanks' statute of limitations expired on January 31, 2019," asserts that "without a stay, these claims will be forfeited because the deadline for Ms. Eubanks to exhaust these claims and return to present them to the federal court has already passed," and that: "Ms. Eubanks believes that

9

the *Kelly* procedure will be appropriate because the presently unexhausted claims relate to the exhausted claims in the petition and share a 'common core of operative facts' as outlined in *Mayle*, 545 U.S. at 659." (ECF No. 34 at 7.) Specifically, Petitioner contends:

> The essence of Ms. Eubanks' unexhausted ineffective assistance of counsel claims (the majority of the unexhausted claims) is that her trial attorneys mismanaged her mitigation case, and more specifically the mental health, brain damage, and trauma aspects of that case, by failing to fully investigate those areas, failing to recognize the strength of the evidence they had, failing to manage their experts competently, and incompetently deciding not to present most of the mitigation lay witnesses. The exhausted claims allege that her attorneys mismanaged their mitigation case by having experts do all their investigation too late, failing to investigate brain damage, failing to present evidence of trauma, failing to present evidence of mood disorder, failing to discuss the prosecution's expert report with their own experts before deciding to withhold their mental health mitigation evidence, failing to present mitigation expert witnesses, and failing to explain their mitigation case to jurors.

(Id. at 8.) After initial cursory review of Petitioner's timeliness argument (see id. at 8-10), it appears that some of the unexhausted claims and/or subclaims currently contained in the mixed petition may ultimately relate back to timely claims. Additionally, in view of Respondent's lack of opposition to a stay under Kelly/King (see ECF No. 36), it appears unnecessary to conclusively resolve this matter at the present time.[2] Given the unexhausted

---

[2] In addition to the relation back argument, Petitioner asserts that "Ms. Eubanks will have an argument that some of the claims are timely when she moves to amend them into the petition because she will be entitled to equitable tolling, based on state post-conviction counsel's ineffective failure to include them in her initial state petition." (ECF No. 34 at 10.) As noted above, Respondent's statement of non-opposition to a Kelly/King stay indicated that it was "[w]ithout any agreement that Petitioner's deleted claims, once exhausted, will relate back to her previously exhausted claims, and without waiving any future arguments regarding timeliness or procedural bars." (ECF No. 36 at 1-2.) The Court also finds it unnecessary to resolve these matters now. After the unexhausted claims are withdrawn and exhausted, the parties are free to raise and brief such procedural matters, including but not limited to timeliness, relation back, procedural bars and equitable tolling.

10

claims at issue, many of which allege ineffective assistance of trial counsel in investigating and presenting Petitioner's penalty phase case at trial, coupled with Respondent's non-opposition, a stay appears appropriate and warranted. See King, 564 F.3d at 1141 ("We further reiterate the 'clear appropriateness of a stay when valid claims would otherwise be forfeited.'"), quoting Kelly, 315 F.3d at 1070.

Finally, Petitioner "seeks an order authorizing her current counsel to represent her in state court." (ECF No. 34 at 10.) The Court finds such appointment appropriate in this case and authorizes federal habeas counsel to represent Petitioner in state exhaustion proceedings. See Harbison v. Bell, 556 U.S. 180, 190 n. 7 (2009) ("Pursuant to §3599(e)'s provision that counsel may represent her client in 'other appropriate motions and procedures,' a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation.")

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** Petitioner's Motion for Reconsideration [ECF No. 31], **GRANTS** Petitioner's Motion to Withdraw Unexhausted Claims and Request for Stay Under Kelly/King [ECF No. 34], **AMENDS** the June 10, 2019 Order based on the parties' agreement to find Claim I.C unexhausted only to the extent it concerns complex trauma, and **STAYS** this case pending the exhaustion of state court remedies. As discussed above, the Court authorizes current federal counsel to represent Petitioner during state exhaustion proceedings.

Petitioner will file a Notice with the Court within 14 days of the date of this Order, ~~on or before~~ _____, listing the unexhausted claims to be withdrawn from the pending federal Petition. In accordance with Local Rules, Petitioner will file any exhaustion petition in state court within 30 days of the date of this Order, ~~on or before~~ _____ and will file proof of such filing in this Court. See Civ LR HC.3(g)(5) ("If the petition indicates that there are unexhausted claims from which the state court remedy is still available, petitioner may be granted a thirty (30) day period in which to commence litigation on the unexhausted claims in state court.")

11

After commencement of the state proceedings, Petitioner will also file a brief report every 90 days to keep the Court informed of the status of the state petition. During this time, proceedings on the federal Petition will remain stayed. Any amended petition will be filed within 30 days of the state court resolution of the exhaustion petition. If Petitioner fails to file a state exhaustion petition or amended petition within the deadlines set forth in this Order, the stay will be lifted, and this case will proceed on the federal Petition pending at that time.

**IT IS SO ORDERED.**

Dated: 12/2/2019

Hon. Roger T. Benitez
United States District Judge