UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN DIANNE EUBANKS,<br><br>                          Petitioner,<br><br>v.<br><br>JANEL ESPINOZA, Warden of Central California Women's Facility at Chowchilla,<br><br>                          Respondent. | Case No.:  17cv0016 BEN (MDD)<br><br>**DEATH PENALTY CASE**<br><br>**ORDER GRANTING RESPONDENT'S RENEWED APPLICATION FOR LEAVE TO LODGE RECORDS UNDER SEAL [ECF No. 45]** |

        Pending before the Court is Respondent's Renewed Application for Leave to Lodge Records Under Seal, filed November 14, 2019, accompanied by a declaration of counsel and exhibits to the declaration.  (ECF No. 45.)  In an order dated November 5, 2019, the Court denied Respondent's prior application for leave to lodge records under seal, noting that the description of the materials and accompanying reasons for sealing in state court appeared inaccurate and that "aside from stating that the documents are under seal in state court, Respondent fails to offer argument or authority demonstrating why these materials should be lodged under seal in this Court."  (ECF No. 44 at 2.)

        In a declaration which accompanies the Renewed Application, Respondent now clarifies that "Volume 53 of the Clerk's Transcript is sealed pursuant to California Penal

Code § 987.9, which provides that funding requests by indigent defendants in capital cases shall remain confidential," and that "Volumes 9, 13, 30A, and 36A of the Reporter's Transcript concern ex parte in camera proceedings regarding defense trial strategy and other matters," and "these volumes were sealed by the trial court." (ECF No. 45 at 5.) Upon review of the exhibits to the declaration (see id. at 6-15) in conjunction with the proposed sealed lodgment (ECF No. 39), Respondent's description of the materials and stated reasons for sealing in the state court now appears accurate.

Respondent notes that "[a]lthough respondent has been granted access to the transcripts discussed above, the transcripts remain under seal," and explains that "Respondent seeks to lodge these transcripts under seal because respondent wishes to fulfill her duty under CivLR HC.3.h.1 to provide available transcripts of the state trial court proceedings to this Court, but must also comply with state law governing sealed records." (ECF No. 45 at 2-3.) Respondent also points out that "[d]istrict courts have allowed section 987.9 materials to be lodged under seal" and "[d]istrict courts have also lodged under seal reporter's transcripts of confidential in camera proceedings in the trial court." (Id. at 3, citing Sanchez v. Chappell, 2015 WL 4496379, at *157 (E.D. Cal. July 23, 2015), Page v. Miller, 2015 WL 1931739, at *16 n. 9 (C.D. Cal. Apr. 27, 2015), Ragsdale v. Paramo, 2014 WL 1766951, at *6 n. 7 (C.D. Cal. May 5, 2014), Ekene v. Cash, 2012 WL 4711723, at *4 (C.D. Cal. May 14, 2012.).) Respondent also states that counsel for Petitioner "indicated that she had no objection to Respondent's application to lodge these records under seal." (Id. at 5.)

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Id.; see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

1    Given that other district courts have lodged under seal the very type of documents at
2 issue here, the confidential and privileged nature of the records involved, and the fact that
3 these records remain under seal in state court, the Court concludes there exist compelling
4 reasons to exercise its discretion and inherent authority to similarly lodge these materials
5 under seal.  See Kamakana, 447 F.3d at 1179.  Accordingly, Respondent's Renewed
6 Application for Leave to Lodge Records Under Seal [ECF No. 45] is **GRANTED**.  The
7 Clerk is **DIRECTED** to lodge the proposed document [ECF No. 39] **UNDER SEAL**.
8 **IT IS SO ORDERED.**
9 Dated: July 29, 2020                                  _____
10                                                                      Hon. Roger T. Benitez
                                                                         United States District Judge